In a consolidated proceeding pursuant to RPTL article 7 to review tax assessments of the petitioner’s real property for tax years 2009/10 through 2011/12, the appeal is from a supplemental judgment of the Supreme Court, Nassau County (Maraño, J.), entered April 5, 2013, which, upon an order of the same court (Adams, J.), entered October 12, 2012, granting the petitioner’s motion, inter alla, to compel the appellants to satisfy obligations that they incurred in connection with a stipulation of settlement executed pursuant to RPTL 523-b (9), and upon an order and judgment of the same court (Adams, J.) entered December 13, 2012, among other things, in favor of the petitioner and against the appellants, is in favor of the petitioner and against the appellants in the principal sum of $97,860.17.
Ordered that the supplemental judgment is affirmed, with costs.
The petitioner, relying on a stipulation of settlement executed in accordance with RPTL 523-b (9) in this consolidated tax certiorari proceeding, moved to compel the appellants to satisfy obligations that they incurred in connection with the stipulation of settlement. The petitioner thereby sought to compel the appellants to authorize, calculate, and issue it a refund for the overpayment of real property taxes. The appellants, while *855 acknowledging that a refund was due, argued that granting the relief requested in this and other similar proceedings, in the absence of funding in place to meet the underlying obligations, would result in “fiscal chaos” in Nassau County. As such, the appellants urged the Supreme Court to deny the motion and enter an order allowing them to “implement alternative plans” to ensure that the petitioner, and other similarly situated taxpayers, “are paid the refunds they are entitled to while preserving [the County’s] fiscal integrity.” The Supreme Court rejected this “fiscal chaos” defense and, among other things, entered a supplemental judgment in favor of the petitioner awarding it the principal sum of $97,860.17.
Contrary to the appellants’ contention, the decisions of the Court of Appeals in Matter of Hellerstein v Assessor of Town of Islip (37 NY2d 1, 3 [1975]) and Foss v City of Rochester (65 NY2d 247, 260 [1985]) do not stand for the proposition that a court may decline to issue an award of damages or refunds against a municipality whenever such award will result in financial hardship (see Keyspan Generation, LLC v Nassau County, 115 AD3d 812 [2d Dept 2014]). “Instead, these cases stand for the more limited proposition that, where a municipality has reasonably relied upon a widespread and longstanding practice (as in Matter of Hellerstein) or a statute is later invalidated (as in Foss), and where applying the invalidation retroactively would call into question ‘a settled assessment roll or property rights based thereon,’ a court may exercise its discretion by giving its holding only prospective application” (Keyspan Generation, LLC v Nassau County, 115 AD3d at 816, quoting Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d at 14; see Gandolfi v City of Yonkers, 101 AD2d 188, 197-198 [1984]; Hurd v City of Buffalo, 41 AD2d 402, 406 [1973]). No such situation is present in the instant case. Accordingly, under the circumstances presented here, the Supreme Court properly rejected the appellants’ “fiscal chaos” defense, and granted the petitioner’s motion to compel the appellants to satisfy obligations that they incurred in connection with the stipulation of settlement and, thus, to calculate and pay the refund owed to it. Eng, RJ., Miller, Hinds-Radix and Maltese, JJ, concur.